UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID L. SANDSTROM,<br><br>    Petitioner,<br><br>    v.<br><br>PATRICK COVELLO, Warden,<br><br>    Respondent. | Case No. 5:24-cv-01344-JWH (DTB)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

1

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge. Objections to the Report and Recommendation have been filed herein.

The Report and Recommendation ("Report") recommends the denial of the Petition and the dismissal of this action with prejudice. (ECF No. 25.) Petitioner David L. Sandstrom objects, for nine reasons, to the Report's analysis of Ground Three, regarding a jury instruction about the timeframe when the offenses were alleged to have occurred. (ECF No. 27.) Sandstrom's objections do not merit any change to the Report's findings or recommendations.

First, Sandstrom objects that the claim is one of actual innocence. (ECF No. 27 at 1-2.) The Court agrees with the Report that Sandstrom failed to raise a claim of actual innocence in the Petition. (ECF No. 25 at 47 n.69; *see also* ECF No. 1 at 5-6.) Even assuming that Sandstrom had properly raised a claim of actual innocence, the claim would fail because Sandstrom has presented no new evidence establishing his innocence. *See Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997) (*en banc*) ("Requiring affirmative proof of innocence is appropriate, because when a petitioner makes a freestanding claim of innocence, he is claiming that he is entitled to relief despite a constitutionally valid conviction.").

Second, Sandstrom objects that the timeframe instruction, CALCRIM 207, was improperly given. (ECF No. 27 at 2-3.) But as the state court found, under state law, the instruction was properly given. (ECF No. 16-16 at 7-8.) Thus, "[a]ny error in the state court's determination of whether state law allowed for an instruction in this case cannot form the basis for federal habeas relief." *Menendez v. Terhune*, 422 F.3d 1012, 1029 (9th Cir. 2005).

Third, Sandstrom objects that the instruction violated the Constitution, apparently because it violated his right to present an alibi defense. (ECF No. 27 at

2

3-6.) The Court agrees with the Report that nothing about the instruction, which set out a two-day timeframe, prevented Sandstrom from presenting an alibi defense, which he did present. (ECF No. 50 at 25; *see also* ECF No. 16-6 at 12.)

Fourth, Sandstrom objects that the prosecution failed to disprove his alibi defense. (ECF No. 27 at 6-7.) But "an alibi is not an affirmative defense and, accordingly, . . . the alibi [cannot] be considered by itself, but must be considered in connection with all other evidence in the case." *People v. Freeman*, 22 Cal. 3d 434, 438 (1978). The other evidence in the case was sufficient for a reasonable jury to find Sandstrom guilty beyond a reasonable doubt. In particular, as the state court observed, Sandstrom's alibi defense was "irreconcilable with Petitioner's statements made during the pre-text phone call," during which he corroborated the victim's report of sexual abuse. (ECF No. 16-16 at 7.)

Fifth, Sandstrom objects that his counsel was ineffective for failing to object at trial to CALCRIM 207. (ECF No. 27 at 8.) The Court agrees with the Report that, because Sandstrom failed to show that the instruction was improper, he also failed to show that his counsel was ineffective for failing to object to it. (ECF No. 25 at 50-51.)

Sixth, Sandstrom objects to the state court's finding that the pretext phone call corroborated the victim's account. (ECF No. 27 at 8-9.) According to Sandstrom, "to suggest what the jury was thinking is dangerous and irrational" (*Id.* at 9.) On the contrary, the state court was not improperly making findings about the jury's internal deliberations. (ECF No. 16-16 at 8.) Rather, in assessing a claim of instructional error, it is permissible for a state or federal court to consider "the strength of the evidence supporting the conviction." *Waddington v. Sarausad*, 555 U.S. 179, 193 (2009).

Seventh, Sandstrom objects that there was "juror confusion" because his pretext phone call corroborated only some, not all, of the charges. (ECF No. 27 at

3

9-10.) The Court agrees with the Report that Sandstrom cited no authority supporting the proposition that CALCRIM 207 created confusion for the jurors. (ECF No. 25 at 50.) As the state court found, "Petitioner was not convicted because of anything remotely related to CALCRIM 207, but rather because the jury did not accept the alibi defense – the jury believed the victim regardless of the time discrepancy revealed by the evidence." (ECF No. 16-16 at 8.)

Eighth, Sandstrom objects that, had his counsel requested that the jury be instructed with CALCRIM 3400, an alibi instruction, the trial outcome would have been different. (ECF No. 27 at 10.) But when, as here, the jury was given a reasonable doubt instruction, an alibi instruction "would have been redundant." *Freeman*, 22 Cal. 3d at 438. Thus, because "a reasonable juror would have understood everything necessary to evaluate that theory of [Petitioner's] defense," counsel was not ineffective for failing to request the instruction. *Boyer v. Chappell*, 793 F.3d 1092, 1108 (9th Cir. 2015).

Ninth, Sandstrom objects that he was required to prove his alibi. (ECF No. 27 at 11-12.) On the contrary, Sandstrom had no burden of proof. Instead, as the state court found, the jury did not accept the alibi defense but believed the victim. (ECF No. 16-16 at 8.)

Having made a *de novo* determination of those portions of the Report and Recommendation to which objections have been made, the Court hereby **ORDERS** as follows:

1. The findings, conclusions, and recommendations of the Magistrate Judge are **ACCEPTED** and **ADOPTED**.

2. Judgment shall be entered **DENYING** the Petition and **DISMISSING** this action **with prejudice**.

**IT IS SO ORDERED.**

Dated: October 20, 2025

_____
John W. Holcomb
United States District Judge